UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC REIBER, et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>CITY OF PULLMAN, et al.,<br><br>                    Defendants. | NO:  11-CV-0129-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiffs' Motion for Reconsideration (ECF No. 114).  There being no reason to delay a decision, this matter was heard without oral argument on January 28, 2013.  The Court has reviewed the motion and is fully informed.

BACKGROUND

Plaintiffs seek reconsideration of the Court's January 14, 2013 Order granting Defendants' motion for partial summary judgment.  For the reasons discussed below, the motion will be denied.

ORDER DENYING MOTION FOR RECONSIDERATION ~ 1

DISCUSSION

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Reconsideration is properly denied when a litigant "present[s] no arguments in his motion for [reconsideration] that had not already been raised in opposition to summary judgment." *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989).

Here, Plaintiffs' arguments in favor of reconsideration are simply a reprise of their arguments in opposition to summary judgment. Once again, Plaintiffs argue that Defendants "knew or should have known" that the initial accusations against Reiber were untrue. ECF No. 114 at 4, 5. In support of this argument, Plaintiffs assert, once again, that Defendants had no legitimate basis for investigating Reiber after E.T. informed Chief Wilkins that Reiber had not expressly asked for naked pictures of his wife.

This argument fares no better on reconsideration than it did on summary

judgment.  Having reviewed the record anew, the Court concludes, once again, that "there is simply no competent evidence from which a rational jury could find that any of the Defendants acted either with knowledge of or in reckless disregard to the falsity of the allegations against Reiber."  ECF No. 107 at 29.  When presented with allegations of serious workplace misconduct—which were by no means limited to the "naked photo" allegations—Defendants simply investigated them.  The Court acknowledges that Plaintiffs are bitterly dissatisfied with the results of the investigation.  Nevertheless, Plaintiffs have failed to establish any actionable misconduct *on the part of these Defendants*.  Even assuming *arguendo* that the allegations against Reiber were actually false, there is no evidence from which a rational jury could find that Defendants either "knew or should have known" of that fact when they began their investigation.  Plaintiffs' motion for reconsideration is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiffs' Motion for Reconsideration (ECF No. 114) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 28th day of January, 2013.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION ~ 3